# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

|  |  |
|---|---|
| ANA BOWYER, <br> 6331 MARY TODD CT. <br> CENTREVILLE, VA 20121 <br><br> **Plaintiff,** <br><br> v. <br><br> THE MOSAIC TILE COMPANY <br> OF VIRGINIA, INC. <br> d/b/a MOSAIC HOME INTERIORS <br> 3935 STONECROFT BLVD. <br> CHANTILLY, VA 20151 <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Ana Bowyer, by and through her undersigned counsel, hereby files this Complaint against Defendant The Mosaic Tile Company of Virginia, Inc., d/b/a Mosaic Home Interiors, ("Mosaic") for Disability Discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, for Interference with Rights and Retaliation in violation of the Family and Medical Leave Act (hereinafter, "FMLA"), 29 U.S.C. § 2601, *et seq.*, discrimination and retaliation in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, *et seq.*

## PARTIES & JURISDICTION

1. Ana Bowyer is an individual resident of the Commonwealth of Virginia and resides at 6331 Mary Todd Ct., Centreville, Virginia 20121.

2. Defendant Mosaic is a corporation formed under the laws of the Commonwealth of Virginia with its principal office located at 3935 Stonecroft Blvd, Chantilly, Virginia 20151.

3. Mosaic is an "employer" as that term is defined by the ADA, 42 U.S.C. § 12111(5), as Mosaic, at all times during Ms. Bowyer's employment with it, was engaged in an industry affecting commerce and employed over 15 persons. Mosaic is also an "employer" as that term is defined by the FMLA, 29 U.S.C. § 2611(4)(A), as Mosaic, at all times during Ms. Bowyer's employment with it, was engaged in an industry affecting commerce and employed 50 or more employees.

4. Ms. Bowyer is a "qualified individual" with a "disability" as those terms are defined under the ADA because, as detailed below, Ms. Bowyer has or had a physical impairment in the form of diabetes and complications from her diabetes, which resulted in kidney and pancreas failure, which substantially limits one or more major life activities including performing manual tasks, walking, standing, and, lifting. Ms. Bowyer's disabilities also substantially limit major bodily functions, including circulatory functions. Despite the disabilities, Ms. Bowyer was and is still capable of performing the essential functions of her employment with or without reasonable accommodation. Ms. Bowyer is also an "eligible employee" as that term is defined by the FMLA, 29 U.S.C. § 2611(2), as Ms. Bowyer was employed by Defendant for more than 12 months and for more than 1,250 hours during the year preceding his termination and the events giving rise to this action. In addition, Mosaic employed more than 50 employees within a 75 mile radius of Ms. Bowyer's workplace.

5. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. § 2000e-5(f)(3), and 29 U.S.C. § 2617(a)(2) which specifically confer jurisdiction in the

federal courts, and pursuant to 28 U.S.C. § 1331 as the claim arises from the laws of the United States.

6. Venue is appropriate in this Court pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. § 1391(b)(1) and (2) because the unlawful employment practice occurred in this District, the records relevant to the unlawful employment practice occurred in this District, and Mosaic's principal office is in this District.

7. On or about March 19, 2020, Ms. Bowyer filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 570-2020-1637) claiming disability discrimination and retaliation. The EEOC issued a right to sue letter to Ms. Bowyer on November 17, 2020.  In conformance with the law, Ms. Bowyer has filed the present action prior to the expiration of ninety (90) days from the date of receiving her right to sue letter. Accordingly, Ms. Bowyer has exhausted all administrative remedies.  Therefore, all conditions precedent to Ms. Bowyer maintaining this civil action have accrued, occurred, or been waived.

## FACTS

8. Ms. Bowyer was employed by Mosaic, a home interior supplier, designer and contracting company headquartered in Chantilly, Virginia, with locations throughout the state. Ms. Bowyer worked for Mosaic for over 18 years.  Ms. Bowyer was employed as the lead design consultant.

9. As a lead design consultant, she generated on average over two million dollars in sales a year for the Company, much of which had a profit margin of over 50%.  Her reputation as a talented designer was well known in the building community and high end builders came to Mosaic because they knew Ms. Bowyer could be relied upon to create a design that would meet the needs of their customer base.  Furthermore, the homeowners in the high end communities

sought out Ms. Bowyer to design their homes.  Because she was so sought after, clients could meet with her on an appointment only basis, unlike the other designers who served walk in customers.  Ms. Bowyer has been nothing short of an outstanding asset to the Company.

10. Ms. Bowyer suffers from diabetes.  She was diagnosed with diabetes at a young age.  Diabetes is a disease that affects the circulatory systems and requires Ms. Bowyer to monitor and regulate her blood sugar levels.

11. The Company was fully aware for many years that Ms. Bowyer suffered from diabetes and of her expressed concerns to her managers that the long working hours exacerbated her diabetic condition.

12. Ms. Bowyer also kept Mosaic appraised of his need for a reasonable accommodation in the form of intermittent leave when she had flare-ups or complications from the diabetes.

13. In June of 2019, Ms. Bowyer began suffering from severe pain in her midsection, swelling in her legs that she had never experienced before, and was vomiting every morning. Ms. Bowyer sought treatment right away. Ms. Bowyer learned that her kidneys and pancreas were failing as a result of her pre-existing diabetes.

14. Ms. Bowyer notified her employer of the medical emergency and applied for short term disability leave and took FMLA leave. Over the next three months Ms. Bowyer was in and out of the hospital and dialysis treatment.

15. While Ms. Bowyer was on FMLA leave, Mr. Jason Burnette, the branch manager of the Chantilly branch of Mosaic, scheduled weekly calls with Ms. Bowyer during which she was required to provide a detailed update regarding her condition.  This mandated weekly call with Ms. Bowyer's supervisor itself violates FLMA and health care information privacy laws.

16. In the fall of 2019, Ms. Bowyer sufficiently recovered enough to return to work. Ms. Bowyer's doctor released Ms. Bowyer to return to work on a reduced schedule with lifting restrictions.

17. During her weekly call with Mr. Burnette in the first week of October, Ms. Bowyer informed Mr. Burnette that she could return to work on a shortened schedule.

18. On November 12, 2019, after Mosaic learned Plaintiff could return to work, Plaintiff, at Mr. Burnette's request, attended a meeting with Mr. Burnette, with Tiffany Huston from Human Resources and Sean Shaffer, the Operations manager. During the meeting, Ms. Bowyer informed the meeting attendees that she was ready to return to work part time and gradually lead back to full time employment. During the meeting, Mr. Burnette and Ms. Shaffer stated that the Company was anxious to have Ms. Bowyer return work and would work with her to find a schedule that would work. At the conclusion of the meeting, Ms. Houston requested that Ms. Bowyer to obtain a doctor's note indicating she could return to work and identifying any limitations.

19. On December 1, 2019, Plaintiff resumed working at Mosaic without compensation in order to demonstrate she could perform her duties. Specifically, she came to Mosaic and put together a design plan for a friend of hers. She was fully capable of lifting individual product titles, documenting the plan and otherwise performing her duties. Mr. Burnette and other employees were present when Ms. Bowyer visited the office to put the plan together.

20. On December 1, 2019, Ms. Bowyer also gave a doctor's note to Mr. Burnette stating she was approved to return to work at 20 hours per week with the restriction that she not lifts heavy objects.

21. Ms. Bowyer did not hear a word from Mosaic after delivering the doctor's note until she received a telephone call on December 12, 2019 from Ms. Houston informing her that the Company had decided to terminate her.

22. During this conversation, Mr. Hughes stated that Defendant would rehire Ms. Bowyer after she was fully recovered and was released from doctor's care and any restrictions. Once terminated, Mosaic hired a replacement designer.

23. On December 16, 2019, just days after she was terminated, the owner of Mosaic, Robert Hughes, sent the following text to Ms. Bowyer "wanted to make sure all's going as well as it could be considering…". He then stated "if you need anything be sure to call."   Hoping he might change the decision, Ms. Bowyer called Mr. Hughes, but he refused to reverse the termination decision.   Rather he reiterated the statement that "when she got 100% better she would have a job."

## COUNT I - Disability Discrimination in Violation of ADA

24. Ms. Bowyer re-alleges and incorporates by reference Paragraphs 1 through 23 as if set forth fully herein.

25. Ms. Bowyer is an individual with a disability within the meaning of the ADA. Now and at the time of the incidents outlined above, Ms. Bowyer suffers from diabetes and kidney and pancreas complications as a result of the disability, which substantially limits one or more major life activities. Ms. Bowyer was qualified for her position and able to perform its essential functions.

26. Mosaic also regarded Ms. Bowyer as having a disability within the meaning of the ADA, as demonstrated by its agreement to allow her to use short term disability leave and FMLA.

27. Throughout her employment with Mosaic, including at the time of her termination, Ms. Bowyer was performing the job at a level that met and exceeded Mosaic's legitimate expectations. Ms. Bowyer fully performed all duties, responsibilities, and functions required of her by Mosaic, with or without reasonable accommodation.

28. Mosaic subjected Ms. Bowyer to an adverse employment action when it refused to engage in a good faith interactive process with Ms. Bowyer to discuss and reasonable accommodations, refused to provide her the any reasonable accommodation she requested and terminated her on account of her disability.

29. As a direct and proximate result of Mosaic's discriminatory conduct, Ms. Bowyer has suffered and will continue to suffer injury and damage in the form of emotional and physical harm, mental anguish, anxiety, stress, depression, past and future loss of income and benefits of employment, lost earnings capacity, lost career and business opportunities and advancement, damage to reputation, humiliation, and embarrassment.

30. Mosaic engaged in said conduct intentionally, maliciously, wantonly, oppressively and/or with such recklessness and gross negligence as to evince a conscious disregard for the rights of Ms. Bowyer.

**WHEREFORE,** Ms. Bowyer respectfully requests that judgment be entered against Mosaic and in favor of Ms. Bowyer, and that Ms. Bowyer be awarded the following relief:

A. Back and front pay, plus lost benefits, in an amount not less than $300,000.

B. Compensatory damages in an amount not less than $300,000, for other economic loss, physical and emotional harm, pain and suffering, and reputational harm;

C. Punitive damages in an amount not less than $600,000;

D. Reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 12117(a) and 42

U.S.C. § 2000e-5(k); and

    E.    Such other relief as this Court deems just and proper.

## COUNT II
### Interference with Exercise of Rights in Violation of FMLA

33. Ms. Bowyer re-alleges and incorporates by reference Paragraphs 1 through 23 as if set forth fully herein.

34. Mosaic interfered with Ms. Bowyer's rights under, and violated, the FMLA by causing Ms. Bowyer to attend and participate in weekly meetings, while she was out on FMLA leave.

35. As a direct and proximate result of Defendant's interference with Ms. Bowyer's FMLA rights, Ms. Bowyer has suffered and will continued to suffer lost past and future wages and income, lost earnings capacity, lost employment benefits, other lost compensation, and other actual monetary losses.

36. Defendant engaged in said conduct intentionally, maliciously, wantonly, oppressively and/or with such recklessness and gross negligence as to evince bad faith and a conscious disregard for the rights of Ms. Bowyer.

**WHEREFORE,** Ms. Bowyer respectfully requests that judgment be entered against Defendant and in favor of Ms. Bowyer, and that Ms. Bowyer be awarded the following relief:

    A.    Compensatory damages in an amount not less than $300,000, for lost wages and other economic loss;

    B.    An additional equal sum as liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    C.    Reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 2617(a)(3); and

    D.    Such other relief as this Court deems just and proper.

## COUNT III
### Retaliation in Violation of FMLA

37. Ms. Bowyer re-alleges and incorporates by reference Paragraphs 1 through 23 as if set forth fully herein.

38. Mosaic retaliated against Ms. Bowyer for attempting to exercise her rights under the FMLA and take FMLA leave when it caused Ms. Bowyer to continue to participate in the weekly meetings and refused to return her to her position after she was cleaned by her doctor to return to work with less hours, then terminated her after she gave notice to Mosaic of her claim for violation of FLMA.

39. As a direct and proximate result of Defendant's interference with Ms. Bowyer's FMLA rights, Ms. Bowyer has suffered and will continued to suffer lost past and future wages and income, lost earnings capacity, lost employment benefits, other lost compensation, and other actual monetary losses.

40. Defendant engaged in said conduct intentionally, maliciously, wantonly, oppressively and/or with such recklessness and gross negligence as to evince bad faith and a conscious disregard for the rights of Ms. Bowyer.

**WHEREFORE,** Ms. Bowyer respectfully requests that judgment be entered against Defendant and in favor of Ms. Bowyer, and that Ms. Bowyer be awarded the following relief:

A. Compensatory damages in an amount not less than $300,000, for lost wages and other economic loss;

B. An additional equal sum as liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

C. Reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 2617(a)(3); and

D. Such other relief as this Court deems just and proper.

## COUNT IV
### Retaliation in Violation of the ADA

41. Plaintiff re-alleges and incorporates by reference Paragraphs 1 to 23 as if set forth fully herein.

37. Mosaic retaliated against Ms. Bowyer after she gave notice of her disability and attempted to exercise her rights under the ADA when it refused to engage in a good faith interactive process with Ms. Bowyer to discuss and reasonable accommodations, refused to provide her the any reasonable accommodation she requested and terminated her because she gave notice to Mosaic of her claim for violation of the ADA.

38 As a direct and proximate result of Mosaic's retaliatory conduct, Ms. Bowyer has suffered and will continue to suffer injury and damage in the form of emotional and physical harm, mental anguish, anxiety, stress, depression, past and future loss of income and benefits of employment, lost earnings capacity, lost career and business opportunities and advancement, damage to reputation, humiliation, and embarrassment.

40. Mosaic engaged in said conduct intentionally, maliciously, wantonly, oppressively and/or with such recklessness and gross negligence as to evince a conscious disregard for the rights of Ms. Bowyer.

WHEREFORE, Ms. Bowyer respectfully requests that judgment be entered against Mosaic and in favor of Ms. Bowyer and that Ms. Bowyer be awarded the following relief:

A. Compensatory damages in an amount not less than $300,000, for lost wages and other economic loss, physical and emotional harm, pain and suffering, and reputational harm;

B. Punitive damages in an amount not less than $300,000;

C. Reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(k); and

D.      Such other relief as this Court deems just and proper.

Respectfully Submitted,

/s/
Nicholas Hantzes, VSB No. 23967
HANTZES & ASSOCIATES
1749 Old Meadow Road, Suite 308
McLean, Virginia 22102
Tel: (703) 378-5000
Fax: (703) 448-4434
nhantzes@hantzeslaw.com
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Ms. Bowyer demands a jury for all issues to which he is entitled to a jury.

Respectfully submitted:

/s/
Nicholas Hantzes, VSB No. 23967
HANTZES & ASSOCIATES
1749 Old Meadow Road, Suite 308
McLean, Virginia 22102
Tel: (703) 378-5000
Fax: (703) 448-4434
nhantzes@hantzeslaw.com
*Counsel for Plaintiff*